```
              IN THE UNITED STATES DISTRICT COURT
           FOR T HE SOUTHERN DISTRICT OF WEST VIRGINIA
                           CHARLESTON
```

**ROBERT L. GUTHRIE and**
**CAROLYN SUE GUTHRIE,**

    **Plaintiffs,**

**v.**                            **Case No. 2:05-cv-00903**

**SMITH & NEPHEW, INC.;**
**BIOMET, INC.; BIOMET**
**ORTHOPEDICS, INC.; and**
**HERAEUS KULZER GmBH & CO. KG,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

Pending before the court is Plaintiffs' Motion to Compel, filed October 25, 2006.  (Docket # 42.)  Defendant Smith & Nephew, Inc. ("Smith & Nephew") responded on November 8, 2006 (# 45), and Defendant Biomet, Inc. and Biomet Orthopedics, Inc. (collectively referred to as "Biomet") responded on November 10, 2006 (# 46). Plaintiffs replied on November 17, 2006.  (# 48.)

In this products liability action, Plaintiffs propounded discovery on Defendants and in response, Defendants asserted that certain information and documents requested were confidential, proprietary and/or trade secret information.  Defendants sought the entry of a protective order in the format adopted by the court and located on the court's website.  Plaintiffs indicated their willingness to stipulate to a protective order, but only if it included a provision which would permit Plaintiffs' counsel to

share discovery materials with other attorneys handling similar cases so long as those attorneys agreed to be subject to the protective order.  Defendants object to the sharing provision and, as a result, Plaintiffs seek an order directing that the proposed protective order, including the sharing provision, be entered or that Defendants offer sufficient evidence to carry their burden with respect to establishing good cause for the entry of an alternative protective order, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

At the outset, the court rejects the argument of Plaintiffs and Biomet as to timeliness.

Rule 26(c) of the Federal Rules of Civil Procedure provides that

> [u]pon motion by a party or by the person from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court in which the action is pending ... may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense ... including one or more of the following: ... that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way.

"Rule 26(c)'s requirement of a showing of good cause to support the issuance of a protective order indicates that '[t]he burden is upon the movant to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as

distinguished from stereotyped and conclusory statements.'" <u>In re Terra Int'l, Inc.</u>, 134 F.3d 302, 306 (5th Cir. 1998) (quoting <u>United States v. Garrett</u>, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).

Local Rule of Civil Procedure 26.4(a) of the Local Rules of Procedure for the United States District Court for the Southern District of West Virginia directs that

> [i]f a party, or parties jointly, seek entry of a protective order to shield information from dissemination, the movant or movants must demonstrate with specificity that (1) the information qualifies for protection under FR Civ P 26(c), and (2) good cause exists for restricting dissemination on the ground that harm would result from its disclosure.

The Local Rules were recently amended, and the current version, including the above provision, became effective August 1, 2006. In addition, the court has placed on the court's website, a form protective order, which the court strongly encourages parties to use when necessary. While Plaintiffs correctly point out that there is no Local Rule requiring the use of the form protective order, it is the court's intention that where a protective order must be entered and when the requirements of Rule 26(c) of the Federal Rules and the Local Rule of Civil Procedure 26.4(a) are met, the form protective order should be used.

In light of the court's strong preference that parties use the form protective order when one is necessary and the fact that no sharing provision is contained therein, the court declines to include a sharing provision in the instant protective order. Furthermore, while the "desire to share information with other

3

litigants and their attorneys is an appropriate goal under the Federal Rules of Civil Procedure," there is an exception for "sharing of confidential information under a protective order that limits access to certain identified individuals." Culinary Foods, Inc. v. Raychem Corp., 151 F.R.D. 297, 306 (N.D. Ill. 1993).[1] Finally, the court shares the concern aptly expressed by the court in Williams v. Taser Int'l, Inc., No. 1:06-CV-0051-RWS, 2006 WL 1835437, * 2 (N.D. Ga. June 30, 2006), that "the more widely confidential documents are disseminated, it becomes both more likely that those documents will be released, and more difficult for the Court to enforce the terms of its protective order." The court wishes to avoid such a scenario and, therefore, finds that the sharing provision proposed by Plaintiffs should not be included in the protective order.

 Turning to the requirements of Rule 26(c) and the Local Rule, the court finds that Defendants have shown, with sufficient specificity, good cause as to why harm would result if the documents were disclosed without a protective order. The court has reviewed carefully Smith & Nephew's responses to Plaintiffs'

---

[1] Importantly, the court in Raychem noted other similar actions pending against the defendant, yet declined to require a sharing provision in the at-issue protective order. In the instant matter, at least as to Defendant Smith & Nephew, that defendant asserts that it has not been sued in federal or state court in West Virginia in the past ten years and that there have been no claims, reports or lawsuits against it with respect to the identified lot numbers of the Smith & Nephew products at issue. (# 45-1, p. 2.) It appears to the court, that Plaintiffs' case is not one of many other similar lawsuits filed elsewhere, such that document sharing would result in overall efficiency and judicial economy.

request for production numbers 13, 14, 15, 16, 17, 29, 31, 35, 36, 37 and 38, Biomet's responses to Plaintiffs' request for production numbers 10, 12, 17, 19, 26, 27, 33 and 35, Biomet's responses to Plaintiffs' interrogatory number 14 and Defendants' briefs in response to Plaintiffs' Motion and finds that the information and documents referenced therein are proprietary and confidential and appropriately subject to a protective order.

Accordingly, it is hereby **ORDERED** that Plaintiffs' Motion to Compel is **DENIED**. The parties are instructed to enter into the protective order found on the court's website and submit it for the court's entry as soon as possible so that the documents may be produced forthwith.

The parties shall bear their own costs as to the Motion.

The Clerk is directed to transmit a copy of this Memorandum Opinion and Order to counsel of record.

ENTER: December 7, 2006

_____
Mary E. Stanley
United States Magistrate Judge